JIM MEYER v. THE STATE.

No. 1775.    Decided November 19, 1913.

1.—Theft—Transcript.

Transcripts should be filed within proper time, and where the same was filed
some five months after the time expired, the delay is inexcusable.    See opinion for
admonishing the officers to comply with their plain duty under the Code of
Criminal Procedure.

2.—Same—Statement of Facts—Bills of Exception.

In the absence of a statement of facts or bills of exception, no question is
presented in the motion for new trial which this court can review.

Appeal from the Criminal District Court of Dallas.    Tried below
before the Hon. Barry Miller.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft and his punishment assessed at three years confinement in the penitentiary.

As no statement of facts, nor bills of exceptions, accompany this record, no question is presented in the motion for a new trial we can review.

This appellant was tried and sentence pronounced on him on the 25th day of last January, and if the appeal was not going to be perfected, it is a hardship on him to be compelled to lie in jail from then until now, about ten months, before beginning his sentence, and an expense to the county in feeding and caring for him during that time that it should not have been compelled to pay. If records were promptly sent to this court, as required by the law, this would not occur. In this case the law required this record to have been filed in this court not later than April 25th, but it was not done until some five months later than that time. Such neglect is inexcusable and works a hardship both on the prisoner and the county. We keep calling attention to these matters in the hope that we may get the officers to comply with their plain duty under our Code of Criminal Procedure.

Affirmed.

*Affirmed.*